6782

LITTLE v. WESTERN UNION TEL. CO.

*Ruled by case of Amos* v. *Western Union Tel. Co., post,* 259.

Before ALDRICH, J., Cherokee.    Reversed.

Action by Perry C. Little against Western Union Telegraph Company.    From judgment for plaintiff, defendant appeals.

*Messrs. George H. Fearons, John Gary Evans* and *J. C. Jeffries,* for appellant.

*Messrs. Butler & Osborne,* contra.

Arguments reported in the Amos case.

March 2, 1908.    The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages alleged to have been sustained by the plaintiff on account of the defendant's failure to deliver promptly a telegram.

The allegations of the complaint material to the questions presented by the exceptions are as follows:

"That on or about the first day of January, 1906, while plaintiff was in the city of Spartanburg, being then on his way from Gaffney to Union to attend the funeral of his wife's mother, he delivered to the agent of the defendant at Spartanburg, S. C., a prepaid message directed to his wife at Union, of which, owing to the fact that the same has never been delivered, plaintiff is unable to give the exact wording, but the same in substance was as follows:

" 'To Mrs. Letha Little, Union, S. C.

" 'Postpone funeral and hold body of your mother till I come.       (Signed) P. C. Little.'

"That the defendant had due notice of the importance of said message, and had knowledge of the damages that would result to plaintiff by failing to deliver said message with due promptness. That by reason of the acts and defaults of the defendant, above enumerated, the plaintiff was deprived of the privilege of and prevented from seeing and being with his said mother-in-law before and at said funeral, by reason of which he suffered great mental anguish and suffering in the sum of one thousand five hundred dollars."

The defendant demurred to the complaint on the following grounds:

1. "Because the telegraph company had no knowledge from the telegram of any tender, affectionate relations existing between the plaintiff and his mother-in-law, which would put it on notice of any mental anguish or distress as a consequence of the delay in the delivery of the same. Neither does the complaint contain such allegations.

2. "Because under the mental anguish act, the law does not presume suffering or mental anguish to result to the son-in-law, by reason of not being able to attend the funeral and

burial of his mother-in-law; such damages are recoverable only between near blood relations."

The demurrer is overruled.

The defendant objected to the introduction of testimony in behalf of the plaintiff tending to show that he had suffered mental anguish; also that the relations existing between him and his mother-in-law were tender and affectionate, on the ground that there were no allegations in the complaint setting forth such relations.

The cases of *Amos* v. *Tel. Co., post,* 259, and *McDowell* v. *Tel. Co.,* following, show that the demurrer and the objections to the testimony should have been sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.